ASSOCIATION OF FLIGHT ATTENDANTS–CWA, AFL–CIO, Plaintiff,

v.

MESA AIR GROUP, INC., d/b/a Mesa Airlines, Inc., Freedom Air, Inc., and

GO Airlines, Inc., Defendants.

No. CV–07–921–PHX–ROS.

United States District Court,
D. Arizona.

Oct. 1, 2007.

**1122**

Michael James Keenan, Ward Keenan & Barrett PC, Phoenix, AZ, Deirdre Elizabeth Hamilton, Edward J. Gilmartin, Association of Flight Attendants–CWA AFL–CIO, Washington, DC, for Plaintiff.

Joseph Lloyd Manson, III, Marc A. Antonetti, Baker & Hostetler LLP, Washington, DC, Stephanie J. Quincy, Steptoe & Johnson LLP, Phoenix, AZ, for Defendants.

## ORDER

ROSLYN O. SILVER, District Judge.

Pending before the Court is Defendants' Motion to Dismiss. For the following reasons, the Motion will be denied.

### I. Background

Plaintiff and Defendants are parties to two collective bargaining agreements (CBAs). The CBAs set forth both parties' rights and obligations. The CBAs include very specific scheduling provisions, including limits on the amount of time flight attendants may be required to work. The scheduling provisions of the CBAs refer to "the applicable FAR maximum."[1] (CBA § 7(G)(2)) Since 1995, Defendants have used the Pilot Flight Time Limitations and Rest Requirement Regulations, 14 C.F.R. § 121.471, as the FARs applicable to flight attendants. The current CBAs went into effect in October 2002 and September 2004. Thus, Defendants used the Pilot FARs prior to, during, and after the effective dates of the current CBAs. The parties are currently in negotiations for new CBAs. In March 2007, Defendants announced that "flight attendants would be assigned work in accordance with the Flight Attendant Duty Period Limitations and Rest Requirements set forth in 14 C.F.R. § 121.467." (Doc. 2 p. 4) The Pilot FARs and Flight Attendant FARs are "vastly different" and may result in flight attendants working many more hours than their current schedules. (*Id.*)

On May 4, 2007, Plaintiff filed its complaint and request for a preliminary injunction. Plaintiff believes it is entitled to an injunction preventing Defendants from relying on the Flight Attendant FARs until the parties have exhausted their negotiations. Defendants oppose the preliminary injunction request and believe that the case should be dismissed due to a lack of subject matter jurisdiction.

### II. Analysis

▆ Pursuant to the Railway Labor Act (RLA), 45 U.S.C. §§ 151–163, disputes between employers and employees are classified as either major or minor. "In the event of a major dispute, the RLA requires the parties to undergo a lengthy process of bargaining and mediation." *Consol. Rail Corp. v. Ry. Labor Executives Ass'n,* 491 U.S. 299, 302, 109 S.Ct. 2477, 105 L.Ed.2d 250 (1989). District courts have subject-matter jurisdiction to issue injunctions preserving the status quo during this lengthy process. *Id.* at 303, 109 S.Ct. 2477. Minor disputes, on the other hand, are "resolved by an adjustment board established by the airline and the unions." *Id.* at 304 n. 4, 109 S.Ct. 2477. District courts lack jurisdiction over minor

---

1. The term "FAR" refers to the Federal Aviation Regulations.

disputes. Accordingly, if the dispute in this case is deemed a "major dispute," Plaintiff may be entitled to an injunction preserving the status quo while the parties engage in a protracted negotiation process. If, however, the dispute is deemed a "minor dispute," the case must be dismissed due to a lack of subject matter jurisdiction.

Determining whether a dispute should be classified as major or minor is a "difficult task." *Id.* at 310, 109 S.Ct. 2477. "Unsurprisingly, [an airline] and a union often differ about classifying a particular dispute." *Bhd. of Maint. of Way Employees v. Atchison, Topeka & Santa Fe Ry. Co.,* 138 F.3d 635, 639 (7th Cir.1997). "In essence, a major dispute involves the formation or alteration of a collective bargaining agreement covering pay, rules, or working conditions, while a minor dispute merely involves differing interpretations of such an agreement." *Alton & S. Lodge No. 306 v. Alton & S. Ry. Co.,* 849 F.2d 1111, 1113 (8th Cir.1988). In other words, if "an employer asserts a contractual right to take the contested action, the ensuing dispute is minor if the action is arguably justified by the terms of the parties' collective-bargaining agreement." *Consolidated Rail,* 491 U.S. at 307, 109 S.Ct. 2477. But if "the employer's claims are frivolous or obviously insubstantial, the dispute is major." *Id. See also Chicago & N.W. Transp. Co. v. Ry. Labor Executives' Ass'n,* 908 F.2d 144, 148 (7th Cir.1990) ("[A] minor dispute is one over the interpretation or application of the collective bargaining agreement ... while a major dispute is one in which the carrier or employer wants to change the agreement.").

Because the major/minor distinction turns on the content of the relevant CBAs, the first step is to determine the content of those CBAs. *Alton,* 849 F.2d at 1114. "[C]ollective-bargaining agreements may include implied, as well as express, terms. Furthermore, it is well established

that the parties' 'practice, usage and custom' is of significance in interpreting their agreement." *Consolidated Rail,* 491 U.S. at 311, 109 S.Ct. 2477 (citations omitted). The parties' past practices may "rise to the level of an implied agreement when they have 'ripened into an established and recognized custom between the parties.'" *Bhd. Ry. Carmen of the United States and Canada v. Missouri Pac. R.R. Co.,* 944 F.2d 1422, 1429 (8th Cir.1991) (quoting *Alton,* 849 F.2d at 1114).

In this case, the CBAs refer to the "FAR maximum" but do not specify which FARs apply. The term "FAR" is not defined in the agreement but the parties agree that both prior to and during the current CBAs the parties have operated under the Pilot FARs. The issue is whether this thirteen-year practice gives rise to an implied term in the CBAs. If this practice created an implied term that the Pilot FARs would be used, Defendants' argument that it can apply the Flight Attendant FARs is not "arguably justified." *Consolidated Rail,* 491 U.S. at 307, 109 S.Ct. 2477. The Court concludes that the long-standing practice and understanding by the parties means Defendants' current attempts to apply the Flight Attendant FARs is an attempt to change the terms of the CBAs and constitutes a major dispute. *Id.* at 302, 109 S.Ct. 2477 (stating that major dispute arises when one party seeks to "change the terms" of a CBA). A thirteen-year history of consistently relying on the Pilot FARs qualifies as an "established and recognized custom between the parties." *Bhd. Ry.,* 944 F.2d at 1429. In fact, if an uninterrupted thirteen-year practice did not qualify as an implied term, it is difficult to imagine *any* practice could lead to an implied term.

Having found that the CBAs include an implied term regarding application of the Pilot FARs, Defendants' argument regard-

1124

ing the Management Rights Clause is not availing. The Management Rights clause provides that "Except as expressly restricted by this Agreement, the Company retains all authority and rights to manage its operations and direct its Flight Attendants work force." Implementing the Flight Attendant FARs would be in direct conflict with the terms of the CBAs as correctly interpreted and the Management Rights clause does not apply.

Accordingly,

**IT IS ORDERED** the Motion to Dismiss (Doc. 20) is **DENIED.**